**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Magalita Pierre Louis<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Field Office Director, DAVID VENTURELLA, Acting Director U.S. Immigrations and Customs Enforcement, and MARKWAYNE MULLIN, U.S. Secretary of Homeland Security, TODD BLANCHE, Acting U.S. Attorney General,<br><br>Respondents. | Case No. 1:26-cv-13914<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

1. Petitioner Magalita Pierre Louis resides in Malden, Massachusetts.

2. Petitioner is a native and citizen of Haiti. Petitioner has a pending I-589 application for asylum that she filed when she entered in or about 2014.

3. Petitioner was arrested in Massachusetts by U.S. Immigration and Customs Enforcement ("ICE") and/or other federal agents acting on ICE's behalf on or about August 25, 2026 at approximately 1:30 pm while appearing in a matter before a court in the Commonwealth of Massachusetts.

4. On information and belief, Petitioner is currently being held in ICE's custody in the District of Massachusetts.

5. Petitioner is present in the United States and the Department of Homeland Security ("DHS") has alleged that Petitioner was not previously admitted or paroled into the United States.

6. Upon information and belief, the Immigration Court will decline to provide Petitioner with a bond hearing citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) and claiming she is subject to mandatory detention as a noncitizen who entered without inspection.

7. Petitioner cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(1), including because Petitioner does not meet the criteria for expedited removal. *See Make the Road New York v. Noem*, No. 25-190, 2025 WL 2494908, at *23 (D.D.C. Aug. 29, 2025).

8. Petitioner is a class member of the class action lawsuit *Guerrero Orellana v. Moniz*, 1:25-cv-12664, (D. Mass.).

9. On information and belief, the Petitioner has been in the United States since at least 2014.

10. Petitioner cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), including because, as a person already present in the United States, Petitioner is not presently "seeking admission" to the United States. *See Aguiriano v. Romero v. Hyde*, No. 25-11631, 2025 WL 2403827, at *1, 8-13 (D. Mass. Aug. 19, 2025).

11. On information and belief, Petitioner was not, at the time of arrest, paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A), and therefore Petitioner could not "be returned" under that provision to mandatory custody under 8 U.S.C. § 1225(b) or any other form of custody. Petitioner is not subject to mandatory detention under § 1225 for this reason as well.

12. Instead, as a person arrested inside the United States and held in civil immigration detention, Petitioner is subject to detention, if at all, pursuant to 8 U.S.C. § 1226. *See Aguiriano*, 2025 WL 2403827, at *1, 8-13 (collecting cases).

13. Petitioner is not lawfully subject to mandatory detention under 8 U.S.C. § 1226(c), including because she has not been convicted of any crime that triggers such detention. *See*

*Demore v. Kim*, 538 U.S. 510, 513-14, 531 (2003) (allowing mandatory detention under § 1226(c) for brief detention of persons convicted of certain crimes and who concede removability).

14. Accordingly, Petitioner is subject to detention, if at all, under 8 U.S.C. § 1226(a).

15. As a person detained under 8 U.S.C. § 1226(a), Petitioner must, upon her request, receive a custody redetermination hearing (colloquially called a "bond hearing") with strong procedural protections. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Doe v. Tompkins*, 11 F.4th 1, 2 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256-57 (1st Cir. 2021) (affirming class-wide declaratory judgment); 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

16. However, on September 5, 2025, in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the Board of Immigration Appeals issued a decision which purports to require the Immigration Court to unlawfully deny a bond hearing to all persons such as Petitioner.[1]

17. The responsible administrative agency has therefore predetermined that Petitioner will be denied a bond hearing.

18. On December 19, 2025, the District Court of Massachusetts issued a ruling that certain immigration detainees may be unlawfully detained and may seek release on bond or conditional parole under 8 U.S.C. § 1226(a). *Guerrero Orellana v. Moniz*, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025). The District Court certified a class of all individuals who are detained in a geographical area where a Massachusetts Immigration Court is the administrative control court and who were not placed in expedited removal proceedings, not admitted nor paroled into the

[1] The BIA's reversal and newly revised interpretation of the statute are not entitled to any deference. *See Loper Bright Ent. v. Raimondo*, 603 U.S. 369, 412-13 (2024). *See also Elias Escobar v. Hyde*, 2025 WL 2823324, at *3 (D. Mass. October 3, 2025) (rejecting the BIA's reasoning in *Matter of Yajure Hurtado* because, in part, "the decision is inconsistent with other BIA decisions and with decades of the Department of Homeland Security's practice"; *Chogllo Chafla v. Scott,* 2025 WL 2688541, at *7-8 (D. Me. Sept. 22, 2025) (same).

United States, and not subject to mandatory detention under §1226(c) or post-final order detention under § 1231. *Id.*

19. The United States Court of Appeals for the First Circuit recently upheld the *Guerrero Orellana* decision on August 13, 2026. *Geurrero Orellana v. Moniz*, 26-1094 54 (1st Cir. 2026).

20. A district court in the Central District of California also granted partial summary judgment on behalf of individual plaintiffs and on November 25, 2025, certified a nationwide class and extended declaratory judgment to the certified class. *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025) (order granting partial summary judgment to named Plaintiffs-Petitioners); *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, ---- F. Supp. 3d ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (order certifying Plaintiffs-Petitioners' proposed nationwide Bond Eligible Class, incorporating and extending declaratory judgment from Order Granting Petitioners' Motion for Partial Summary Judgment).

21. Both courts held that the class members are detained under 8 U.S.C. § 1226(a) and thus may not be denied consideration for release on bond under § 1225(b)(2)(A). *Guerrero Orellana*, 2025 WL 2687757, at *10; *Maldonado Bautista*, 2025 WL 3289861, at *11.

22. Petitioner is a member of the Bond Eligible Class in both *Guerrero Orellana* and *Maldonado Bautista*, as she:

a. Does not have lawful status in the United States and is currently detained. She was apprehended by ICE on or after March 24, 2026;

b. ICE detains her somewhere under the administrative control of an Immigration Court in Massachusetts;

c. Entered the United States over two years ago and was not apprehended upon arrival, *cf. id.*; and

d. Is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1321.

23. The Form I-213 prepared by DHS for this petitioner acknowledged that this Petitioner is a member of the Guerrero Orellana class. It noted: "GUERRERO ORELLANA CLASS ACTIONS: Subject is a class member of the Guerrero Orellana class action …"

24. Respondents are bound by the injunctions in *Guerrero Orellana* and *Maldonado Bautista*, as they have the full "force and effect of a final judgment." 28 U.S.C. § 2201(a). Nevertheless, Respondents continue to defy the judgments in that case and continue to subject Petitioner to unlawful detention despite her clear entitlement to consideration for release on bond as Bond Eligible Class member.

25. Immigration judges have informed class members in bond hearings that they have been instructed by "leadership" that the injunctions in *Guerrero Orellana* and *Maldonado Bautista* are not controlling, even with respect to class members, and that instead IJs remain bound to follow the agency's prior decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). See also, https://www.aila.org/library/practice-alert-eoir-issues-nationwide-guidance-on-maldonado-bautista (last visited January 15, 2026).

26. Nonetheless, the EOIR and its subagency the Immigration Court and DHS have blatantly refused to abide by the declaratory relief and have unlawfully ordered that Petitioner be denied the opportunity to be released on bond. *See generally Canel Ajbal v. Wesling*, 26 CV-10190-LTS (D. Mass. Mar. 27, 2026) (holding government's position denying bond hearing was "substantially unjustified at every turn). In *Canel Ajbal*, the court also explained the unlawfulness of the course of action being followed by Respondents:

> They were not justified in treating Canel Ajbal as subject to mandatory detention upon his arrest by ICE, when Judge Saris had declared otherwise as to Canel Ajbal. They were not justified in scheduling a bond hearing and then finding him ineligible for bond by ignoring Judge Saris's unequivocal, binding declaration of law as it

> applies to Canel Ajbal, the respondents, and the IJ. And they are not justified in continuing to defend the lawfulness of these positions now.

*Id.* at 8-10. The denial of the Petitioner's bond hearing in this case occurred after the clear ruling in Canel Ajbal.

27. Petitioner is being irreparably harmed by her ongoing unlawful detention without a bond hearing. *See Aguiriano*, 2025 WL 2403827, at *6-8 (no exhaustion required because "[o]bviously, the loss of liberty is a . . . severe form of irreparable injury" (internal quotation marks omitted)); *Flores Powell v. Chadbourne*, 677 F. Supp. 2d 455, 463 (D. Mass. 2010) (declining to require administrative exhaustion, including because "[a] loss of liberty may be an irreparable harm"); *cf. Brito v. Garland*, 22 F.4th 240, 256 (1st Cir. 2021) (citing *Bois v. Marsh*, 801 F.2d 462 468 (D.C. Cir. 1986), for proposition that "'[e]xhaustion might not be required if [the petitioner] were challenging her incarceration . . . or the ongoing deprivation of some other liberty interest'").

28. The Immigration Court lacks jurisdiction to adjudicate the constitutional claims raised by Petitioner, and any attempt to raise such claims would be futile. *See Flores-Powell*, 677 F. Supp. 2d at 463 (holding "exhaustion is excused by the BIA's lack of authority to adjudicate constitutional questions and its prior interpretation" of the relevant statute).

29. There is no statutory requirement for Petitioner to exhaust administrative remedies. *See Gomes v. Hyde*, No. 25-11571, 2025 WL 1869299, at *4 (D. Mass. July 7, 2025) ("[E]xhaustion is not require by statute in this context.").

30. Accordingly, there is no requirement for Petitioner to further exhaust administrative remedies before pursuing this Petition. *See Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, (1st Cir. 1997) (explaining that, where statutory exhaustion is not required, administrative exhaustion not required in situations of irreparable harm, futility, or predetermined outcome).

20. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

21. Venue is proper because Petitioner resides in Massachusetts, was initially detained in Massachusetts, and on information and belief is still detained within the District of Massachusetts.

22. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

23. Respondent David Venturella is the Acting Director for U.S. Immigration and Customs Enforcement.

24. Respondent Markwayne Mullin is the U.S. Secretary of Homeland Security.

25. Respondent Todd Blanche is the Acting U.S. Attorney General.

26. All respondents are named in their official capacities. One or more of the respondents is Petitioner's immediate custodian.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of 8 U.S.C. 1226(a) and Associated Regulations

29. Petitioner may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

30. Under § 1226(a) and its associated regulations, Petitioner is entitled to a bond hearing. *See* 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

31. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

32. Petitioner's continuing detention is therefore unlawful.

### COUNT TWO
### Violation of Fifth Amendment Right to Due Process
### (Failure to Provide Bond Hearing Under 8 U.S.C. § 1226(a))

33. Because Petitioner is a person arrested inside the United States and is subject to detention,

if at all, under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United States Constitution requires that Petitioner receive a bond hearing with strong procedural protections. *See Hernandez-Lara*, 10 F.4th at 41; *Doe*, 11 F.4th at 2; *Brito*, 22 F.4th at 256-57.

34. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

35. Petitioner's continuing detention is therefore unlawful.

**COUNT THREE**
**Violation of Fifth Amendment Right to Due Process**
**(Failure to Provide an Individualized Hearing for Domestic Civil Detention)**

36. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

37. The Fifth Amendment's Due Process Clause forbids the Government to "deprive[]" any "person . . . of . . . liberty . . . without due process of law." U.S. CONST. amend. V.

38. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) ("[A]liens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law"); *cf. Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020) (holding noncitizens due process rights were limited where the person was not residing in the United States, but rather had been arrested 25 yards into U.S. territory, apparently moments after he crossed the border while he was still "on the threshold").

39. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause. *Zadvydas*, 533 U.S. 678 at (2001).

40. The Supreme Court has thus "repeatedly recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection," including an individualized detention hearing. *Addington v. Texas*, 441 U.S. 418, 425 (1979) (collecting cases); *see also Salerno*, 481 U.S. at 755 (requiring individualized hearing and strong procedural protections for detention of people charged with federal crimes); *Foucha v. Louisiana,* 504 U.S. 71, 81-83 (1992) (same for civil commitment for mental illness); *Kansas v. Hendricks,* 521 U.S. 346, 357 (1997) (same for commitment of sex offenders).

41. Petitioner was arrested inside the United States and is being held without being provided any individualized detention hearing.

42. Petitioner's continuing detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

**COUNT FOUR**
**Violation of Fifth Amendment Right to Due Process**
**(Substantive Due Process)**

43. Because Petitioner is not being provided a bond hearing, the government is not taking any steps to effectuate its substantive obligation to ensure that immigration detention bears a "reasonable relation" to the purposes of immigration detention (*i.e.*, the prevention of flight and danger to the community during the pendency of removal proceedins) and is not impermissibly punitive. *See Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 532-33 (Kennedy, J., concurring).

44. Additionally, the Respondent's arrest of Petitioner impeded the fact-finding ability of a court at which she was set to appear.

46. Petitioner's detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

**COUNT FIVE**
**Violation of the Administrative Procedure Act**

47. The allegations in the above paragraphs are realleged and incorporated herein.

48. The Administrative Procedure Act (APA) provides that a court "shall . . . hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). When the government has promulgated "[r]egulations with the force and effect of law," those regulations "supplement the bare bones" of federal statutes, such that the agencies are bound to follow their own "existing valid regulations." *United States ex rel. Accardi Shaugnessy*, 347 U.S. 260, 266, 268 (1954).

49. A court reviewing agency action "must assess … whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment; it must "examine[e] the reasons for agency decisions- or, as the case may be, the absence of such reasons." Judulang v. Holder, 565 U.S. 42, 53 (2011) (quotations omitted).

50. The APA authorizes courts to "set aside" agency action that is "in excess of statutory jurisdiction, authority, limitations, or statutory right" or otherwise "not in accordance with law." 5 U.S.C. § 706(2)(A), (C). It directs courts to "decide all relevant questions of law" and to "interpret constitutional and statutory provisions." *Id* at § 706. Courts perform this review *de novo* and therefore afford agency interpretation of the statute no deference when determining its meaning. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13 (2024).

51. The government holding Petitioner in detention without meaningful access to a bond hearing is arbitrary and capricious, an abuse of discretion, contrary to constitutional right, contrary to law, and in excess of statutory jurisdiction. 5 U.S.C. § 706 (2)(A), (B), (C).

52. Holding a noncitizen in detention under *Matter of Yajure Hurtado* without consideration of their individualized potential danger to the community or risk of flight constitutes an unlawful change is policy that is arbitrary and capricious, an abuse of discretion,

contrary to constitutional right, contrary to law, and in excess of statutory jurisdiction. 5 U.S.C. § 706 (2)(A), (B), (C).

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Massachusetts;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(4) Issue an Emergency Order Staying Deportation/Removal.

(5) Declare that Petitioner's detention is unlawful.

(6) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately, or, in the alternative, provide Petitioner with a bond hearing and order Petitioner's release on conditions the Court deems just and proper.

(7) Order Respondents to return Petitioner's property upon release from custody.

(8) Award Petitioner's attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

(9) Grant any further relief this Court deems just and proper.

Respectfully submitted,
Magalita Pierre Louis

Dated: August 25, 2026

*/s/ Todd C. Pomerleau*
*Counsel for Petitioner*
MA BBO #640964
Rubin Pomerleau, P.C.
Two Center Plaza, Suite 520
Boston, MA 02108
Tel: 617.367.0077
Fax: 617.367.0071

*Counsel for Petitioner*