UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAGALITA PIERRE LOUIS,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Field Office Director;<br>DAVID VENTURELLA, Acting Director U.S. Immigrations and Customs Enforcement;<br>MARKWAYNE MULLIN, U.S. Secretary of Homeland Security;<br>TODD BLANCHE, Acting U.S. Attorney General,<br><br>Respondents. | CIVIL ACTION<br>NO. 26-13914-WGY |

YOUNG, D.J. September 11, 2026

**ORDER**

The Court has reviewed the petition filed by Petitioner Magalita Pierre Louis ("Pierre Louis") for habeas corpus relief under 28 U.S.C. § 2241 ("Pet." or "the Petition"), ECF No. 1, as well as the Respondents' response, Resp. Habeas Pet. ("Resp."), ECF No. 6.

District courts retain jurisdiction to hear noncitizens' challenges to the legality of their immigration detention. Kong v. United States, 62 F.4th 608, 614 (1st Cir. 2023). Since Louis challenges his continued detention, this Court has jurisdiction over his petition.

This Court agrees with petitioner Pierre Louis that her custody is governed by 8 U.S.C. § 1226(a) which, as due process requires, entitles her to a bond hearing before an immigration judge. Noncitizens detained under Section 1226(a) are eligible for a bond hearing. Romero v. Hyde, 795 F. Supp. 3d 271, 281 (D. Mass. 2025).

Further, "Respondents do not contest that Petitioner is eligible for a bond hearing [under] 8 U.S.C. § 1226(a)." Resp. at 1. Respondents, however, oppose immediate release of Petitioner, arguing she has failed to seek, or rather she has "not alleged that she requested," a bond hearing before the Immigration Judge before filing this Petition, Resp. at 4. To the extent the government argues that Petitioner failed to exhaust administrative remedies by not first asking the Immigration Court for a bond hearing, the Court will not deny the petition on the basis of exhaustion. See Waters Rossin v. Moniz, 26-cv-13436-BEM, ECF No. 12 (D. Mass. Aug. 4, 2026); Arevalo v. Moniz, 26-cv-13733-LTS, ECF No. 15 (D. Mass. September 8, 2026).

In light of the foregoing, the Court construes—and ORDERS the Respondents to likewise construe—the pending petition as conveying a request for a bond hearing before the Immigration Court.

The Court hereby ALLOWS the Petition insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving Pierre Louis poses a danger to the community or flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held within seven (7) days of the date of this Order. The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

**SO ORDERED.**

William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE